993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard W. NOVAK, Defendant-Appellant.
 No. 92-1474.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 14, 1993.*
Decided May 12, 1993.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Richard W. Novak was convicted by a jury in 1988 of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, possession of cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1), and interstate travel in aid of a cocaine enterprise in violation of 18 U.S.C. § 1952(a)(3), and was sentenced under the Sentencing Reform Act to ten years in prison. At sentencing, the government advised the district judge that it had seized from Novak cash in the amounts of $2,595 and $2,470, and asked for a fine of $5,065, the total amount of the seized funds. The judge imposed a fine of $3,000 with special assessments of $150. In so doing, the judge ordered that this amount be paid "[b]y applying the sum of $2,595.00 ... toward said fine and the defendant is to pay at least $20.00 per month towards any unpaid balance on his fine or special assessment commencing with the start of his supervised release." The judge also ordered "that any money seized is to be applied to the payment of fines." Pursuant to this order, the government applied only the $2,595 amount in satisfaction of Novak's fine. The remaining amount, $2,470, was forfeited in administrative proceedings commenced prior to Novak's sentencing and completed after it. Novak did not raise any sentencing issue on direct appeal. See United States v. Novak, 870 F.2d 1345 (7th Cir.1989).
 
 
 2
 Novak now moves for clarification of his sentence, seeking to have the $2,470 amount applied to satisfy his fine. However, Novak fails to show a jurisdictional basis for the consideration of his motion. Current Rule 35, applicable to offenses committed after November 1, 1987, is specific as to the circumstances under which a sentence may be modified; none of those circumstances is present here. See Fed.R.Crim.P. 35. Section 2255 relief is similarly unavailable because the motion raises no cognizable claim. See United States v. Addonizio, 442 U.S. 178, 185 (1979). As a result, the judgment of the district judge denying Novak's motion must be
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record